UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Paulette D. Langston,　　　　　　　　　　　　　　Case No. 06-55676
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　　Debtor.　　　　　　　　　　　　　Hon. Phillip J. Shefferly
_____/

## ORDER DENYING "MOTION FOR RECONSIDERATION AND TO AMEND AND EXTEND THE AUTOMATIC STAY"

On October 27, 2006, the Debtor filed this Chapter 7 case. On October 30, 2006, Advance Equities, Ltd. ("Creditor") filed a motion for relief from the automatic stay. On November 16, 2006, the Creditor filed a certificate of no response to its motion. Based on the certificate of no response, the Court entered an order granting relief from the automatic stay on November 16, 2006 (docket entry #23). On December 7, 2006, Debtor filed a notice of appeal from that order. On December 13, 2006, the U.S. District Court dismissed the appeal. On December 26, 2006, the Debtor filed a motion for leave to appeal from the order granting relief from the automatic stay. That motion appears to still be pending. Notwithstanding the pendency of that motion, on January 5, 2006 the Debtor filed a motion in the Bankruptcy Court "for reconsideration and to amend and extend the automatic stay" (docket entry #32). The Court has reviewed the motion and concludes that it must be denied.

First, there is a question as to whether this Court has jurisdiction over the motion for reconsideration in view of the Debtor's pending motion for leave to appeal. "It is well established that the federal courts are under an independent obligation to examine their own jurisdiction". Kusens v. Pascal Co., 448 F.3d 349, 359 (6th Cir. 2006) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). "The existence of subject matter jurisdiction may be raised at any time, by

any party or even *sua sponte* by the Court itself." Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 904 (6th Cir. 2006) (internal quotation marks and citation omitted). Because of the Debtor's pending motion for leave to appeal this Court's order granting relief from the automatic stay, the Court concludes that it lacks jurisdiction over the Debtor's motion for reconsideration. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). Because of the Debtor's pending motion for leave to appeal, the Court concludes that it lacks subject matter jurisdiction over the Defendant's "motion for reconsideration and to amend and extend the automatic stay." Second, even if the Court has subject matter jurisdiction over the Debtor's motion, the Court concludes that the motion lacks merits and provides no basis for reconsideration of the order granting the motion for relief from the automatic stay. Accordingly,

IT IS HEREBY ORDERED that the Debtor's "motion for reconsideration and to amend and extend the automatic stay" (docket entry #32) is denied.

**Signed on January 16, 2007**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**